# UNITED STATES DISTRICT COURT

for the

District of Columbia

No Division

WANGSHUO QI,

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**-v-**

BENACH PITNEY REILLY LLP and ERICA JACOBSON REILLY,

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Case No. Case: 1:26–cv–03090 JURY DEMAND
Assigned To : Unassigned
Assign. Date : 9/1/2026
Description: Pro Se Gen. Civ. (F–DECK)
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☑ Yes ☐ No

## COMPLAINT FOR A CIVIL CASE

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Wangshuo Qi |
| Street Address | 554 Lancaster Ave |
| City and County | Chester County, Malvern |
| State and Zip Code | Pennsylvania 19355 |
| Telephone Number | 531-333-3536 |
| E-mail Address | wq2024@nyu.edu |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

RECEIVED
SEP 01 2026
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

Defendant No. 1

| | |
|---|---|
| Name | Benach Pitney Reilly LLP |
| Job or Title *(if known)* | |
| Street Address | 4530 Wisconsin Avenue NW |
| City and County | Washington |
| State and Zip Code | DC 20016 |
| Telephone Number | |
| E-mail Address *(if known)* | EReilly@bprimmigration.com |

Defendant No. 2

| | |
|---|---|
| Name | Erica Reilly |
| Job or Title *(if known)* | |
| Street Address | 4530 Wisconsin Avenue NW |
| City and County | Washington |
| State and Zip Code | DC 20016 |
| Telephone Number | |
| E-mail Address *(if known)* | EReilly@bprimmigration.com |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☐ Federal question ☑ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

a. If the plaintiff is an individual

The plaintiff, *(name)* Wangshuo Qi, is a citizen of the State of *(name)* Pennsylvania, and Citizen of PR China.

b. If the plaintiff is a corporation

The plaintiff, *(name)* ________, is incorporated under the laws of the State of *(name)* ________, and has its principal place of business in the State of *(name)* ________.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

a. If the defendant is an individual

The defendant, *(name)* ________, is a citizen of the State of *(name)* ________. Or is a citizen of *(foreign nation)* ________.

b. If the defendant is a corporation

The defendant, *(name)* Benach Pitney Reilly LLP, is incorporated under the laws of the State of *(name)* Washington, DC, and has its principal place of business in the State of *(name)* Washington, DC.

Or is incorporated under the laws of *(foreign nation)* ____________,

and has its principal place of business in *(name)* Washington, DC.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

See attachment Relief Section

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

See attachment

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

See attachment

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 09/01/2026

Signature of Plaintiff [signature]

Printed Name of Plaintiff Wangshuo Qi

### B. For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**WANGSHUO QI,**

Plaintiff,

v.

**BENACH PITNEY REILLY LLP and**
**ERICA JACOBSON REILLY,**

Defendants.

**Civil Action No. __________**

**ATTACHMENT TO PRO SE CIVIL COMPLAINT**

Jury Trial Demanded

# ATTACHMENT TO PRO SE CIVIL COMPLAINT

## I. Parties

**1.** Plaintiff Wangshuo Qi is a citizen and subject of the People's Republic of China domiciled in Malvern, Pennsylvania. His mailing address is 554 Lancaster Avenue, Malvern, Pennsylvania 19355; telephone: 531-333-3536; email: wq2024@nyu.edu

**2.** Plaintiff proceeds pro se. Plaintiff has autism and requests plain-language communications and reasonable accommodations as needed. Plaintiff also requests liberal construction of this pro se pleading and reserves the right to seek leave to amend under Federal Rule of Civil Procedure 15.

**3.** Defendant Benach Pitney Reilly LLP ("BPR") is a limited liability partnership that provided legal services to Plaintiff from its office at 4530 Wisconsin Avenue NW, Suite 400, Washington, D.C. 20016.

**4.** Defendant Erica Reilly ("Reilly") is an attorney who represented Plaintiff through BPR and worked from the same Washington, D.C. office. Her business email is EReilly@bprimmigration.com. BPR and Reilly are referred to together as "Defendants."

## II. Jurisdiction and Venue

**5.** This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a)(2). The amount in controversy exceeds $75,000, exclusive of interest and costs, because Plaintiff seeks recovery for legal fees, replacement-counsel fees, prolonged-detention injuries, lost income and benefits, and other consequential losses described below.

**6.** Plaintiff is a citizen and subject of the People's Republic of China. Plaintiff was present in the United States pursuant to F-1 nonimmigrant status and is not alleged to be a lawful permanent resident.

**7.** On information and belief, Reilly is a citizen of the United States domiciled in a State or the District of Columbia.

**8.** On information and belief, each BPR partner is a United States citizen domiciled in a State or the District of Columbia.

**9.** Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to these claims occurred in Washington, D.C. Defendants entered and managed the engagement from their D.C. office, communicated with Plaintiff and third parties from that office,

prepared filings and advice there, billed for legal services there, sought remote appearances from there, and moved to withdraw from the representation from there.

**10.** This action asserts D.C. common-law claims for legal malpractice, breach of contract, and breach of fiduciary duty. Related immigration proceedings, detention, and treatment occurred in Arizona and California, and some consequential injuries were experienced in Pennsylvania.

## III. Factual Allegations

**11.** Plaintiff was detained by U.S. Immigration and Customs Enforcement after Arizona State University revoked or terminated his F-1 status when he missed classes for medical reasons.

**12.** Plaintiff retained BPR by telephone. The February 10, 2026 engagement agreement states that BPR would seek bond before the immigration court, represent Plaintiff before the immigration court, and assist Plaintiff in seeking reinstatement of F-1 status before U.S. Citizenship and Immigration Services. A redacted copy should be attached as Exhibit A.

**13.** The agreement states that BPR would bill hourly after an initial $7,500 retainer and that the total fee could exceed $7,500. Plaintiff alleges that Reilly did not adequately explain this structure during the telephone engagement and that Plaintiff understood $7,500 to be the total fee for the stated services.

**14.** The currently available BPR invoices document payments totaling $13,485.91: $4,364.02 on the first invoice, $6,338.56 on the second, and $2,783.33 on the third. Plaintiff alleges that his total payments were approximately $15,000 and will provide any additional invoices or payment records supporting the difference. The available redacted invoices and payment records should be attached as Exhibit B.

**15.** The invoices record calls, emails, medical-record review, hearing attendance, immigration filings, I-589 drafting, and other work. Plaintiff does not allege that no work occurred. He challenges the adequacy, reasonableness, and professional quality of the services, including any time entries identified after review of the complete records.

**16.** In February 2026, Plaintiff and his former partner, Li, attempted to move forward with a bond hearing. Li contacted a prospective sponsor and asked BPR to proceed. Plaintiff became confused about a possible U-visa matter. Plaintiff alleges that Reilly did not provide sufficient advice to resolve that confusion and preserve a timely bond strategy.

**17.** Plaintiff later asked BPR to continue pursuing bond. Plaintiff alleges that Reilly said a United States-citizen sponsor was required. Plaintiff asked Reilly to contact a former coworker and friend, Ben. Reilly contacted Ben and requested information, but the bond plan did not proceed.

**18.** Plaintiff alleges that the statement that a bond sponsor had to be a United States citizen was inaccurate or materially incomplete and that competent counsel would have timely investigated and pursued a legally available bond strategy.

**19.** BPR filed motions asking that Reilly be permitted to appear by Webex for master-calendar hearings scheduled for March 6, March 16, March 24, May 5, and May 8, 2026. Those filings identify Reilly as counsel and state that she was based in Washington, D.C. Plaintiff does not allege that these filings were never made; he challenges the adequacy and outcome of the representation.

**20.** In or about March 2026, Plaintiff was transferred to California for mental-health treatment. Plaintiff alleges that he and the immigration court notified BPR that he was a class member in Franco-Gonzalez v. Holder. Plaintiff alleges that BPR did not investigate or advise him about class-related protections, procedures, or a possible bond hearing.

**21.** In or about April 2026, Plaintiff was placed in a safety pod or solitary confinement because of mental-health conditions and had severely limited telephone access. Plaintiff alleges that BPR knew of these conditions but threatened withdrawal unless he contacted the firm promptly.

**22.** Plaintiff asked BPR staff member Ashley Bentley to contact Arizona State University about possible future plans, including F-1 reinstatement. Plaintiff alleges that Bentley confirmed the proposed contact and method but did not follow up.

**23.** On March 19, 2026, BPR sent Plaintiff an I-589 draft. The cover letter requested additional information, asked Plaintiff to review the draft for accuracy, and stated that BPR had marked some protection questions "no" based on the information then available. Relevant redacted materials should be attached as Exhibit C.

**24.** The I-589 draft marked religion as a basis for protection but did not mark membership in a particular social group. It marked "No" to past harm, threats, or mistreatment and entered "N/A" as an explanation. It marked "Yes" to fear of harm upon return and fear of torture but left the requested explanations blank. It also contained incomplete spouse, entry, background, and organizational-affiliation fields.

**25.** Plaintiff alleges that he told Reilly and Bentley that he sought asylum because he is a gay man and a member of an LGBTQ particular social group and because he feared mistreatment if returned to China. Plaintiff alleges that he provided information relevant to past harm, fear of future harm, torture, and organizational affiliations.

**26.** Plaintiff acknowledges that the March 19 packet asked him to make corrections. He alleges that detention, limited telephone access, and his known mental-health condition impaired his ability to complete that process without reasonable attorney assistance and communication.

**27.** The April 24, 2026 invoice records a call stating that Plaintiff wanted to move forward with asylum. The April 29 invoice, however, records that Plaintiff confirmed he wanted voluntary departure. BPR then filed written pleadings and a request for pre-conclusion voluntary departure. The motion states that Plaintiff sought return to China, had been advised of his rights, conceded removability, and waived appealable issues. The written pleadings also state that counsel was satisfied Plaintiff fully understood them. The relevant redacted filings should be attached as Exhibit D.

**28.** Plaintiff disputes the April 29 invoice and the voluntary-departure and written-pleadings statements to the extent they state that he knowingly and voluntarily chose voluntary departure, wanted to return to China, understood the consequences, or waived relief and appeal. Plaintiff alleges that his expressed objective was asylum, that he was confused and experiencing a mental-health crisis, and that he did not give informed authorization for voluntary departure.

**29.** On May 8, 2026, Reilly filed a final motion to withdraw stating that there had been an irreparable communication breakdown and that Plaintiff understood and agreed to withdrawal. The Florence Immigration Court granted the motion, and its order states that Plaintiff consented on May 8. Plaintiff alleges that he never consented and that withdrawal was against his will. The redacted final motion and order should be attached as Exhibit E.

**30.** Plaintiff retained replacement counsel in or about May 2026. Plaintiff alleges that replacement counsel promptly pursued bond, advised that a sponsor did not have to be a United States citizen, and obtained a bond hearing using a sponsor who was not a United States citizen. Plaintiff alleges that he was released on bond after that hearing. The replacement engagement agreement, invoices, payment proof, and bond record should be attached as Exhibit F.

**31.** Plaintiff alleges that replacement counsel also obtained a Franco-Gonzalez bond hearing. Plaintiff alleges that Reilly was unaware of Franco-Gonzalez and did not advise him about it. The hearing record should be attached as Exhibit G.

**32.** Plaintiff alleges that he was hospitalized twice while detained and later received diagnoses of bipolar disorder and schizophrenia that he did not have before detention. He alleges that transfers involving Alvarado Parkway Institute Behavioral Health System and El Paso Behavioral Health delayed or interfered with immigration hearings and prolonged detention. The dates, diagnoses, and causal connection will be established through medical, detention, transfer, and hearing records and qualified testimony.

**33.** Plaintiff alleges that Defendants' acts and omissions caused or substantially contributed to prolonged detention, deterioration of physical and mental health, and financial losses.

**34.** Plaintiff alleges that, but for Defendants' acts and omissions, competent counsel would have timely investigated and pursued an available bond strategy, advised him concerning Franco-Gonzalez procedures and asylum relief, protected his stated objectives and appellate rights, and avoided or reduced the alleged prolonged detention and resulting losses.

**35.** Plaintiff will rely on immigration-court records, detention and medical records, communications, billing and financial records, and qualified expert testimony where required to establish the applicable standard of care, breach, causation, and damages.

**36.** The exact dates of detention, transfers, hospitalizations, replacement counsel's bond hearing, and release will be confirmed from the applicable records. Plaintiff will supplement or amend these allegations when those records are available, subject to the Federal Rules of Civil Procedure and the Court's orders.

## IV. Claims for Relief

### Count I — Legal Malpractice

**37.** Plaintiff incorporates paragraphs 1 through 36 as though fully stated here.

**38.** Defendants were retained as Plaintiff's attorneys and owed him the reasonable duties of competent, diligent, loyal, and adequately communicative legal representation.

**39.** Defendants breached those duties through the bond advice and delay; failure to investigate and advise concerning Franco-Gonzalez procedures; failure to provide the promised F-1 reinstatement assistance; deficient I-589 preparation and follow-up; communication failures during detention; pursuit of voluntary departure without informed authorization; and withdrawal representations and conduct.

**40.** Those breaches proximately caused the losses described below, including fees paid to BPR, replacement-counsel expense, avoidable detention-related injury, loss of immigration opportunities or protections, and other consequential losses. Plaintiff will offer expert testimony where required.

### Count II — Breach of Contract Against BPR

**41.** Plaintiff incorporates paragraphs 1 through 40 as though fully stated here.

**42.** The February 10, 2026 engagement agreement is a valid contract requiring BPR to seek bond, represent Plaintiff before the immigration court, and assist with F-1 reinstatement.

**43.** BPR failed to perform those express undertakings as promised, including by failing to timely pursue an available bond strategy and failing to provide the agreed F-1 reinstatement assistance.

**44.** BPR's breaches caused the fees, replacement-counsel expense, and other losses described below. This count is pleaded in the alternative to Count I to the extent permitted by Federal Rule of Civil Procedure 8(d).

### Count III — Breach of Fiduciary Duty

**45.** Plaintiff incorporates paragraphs 1 through 44 as though fully stated here.

**46.** The attorney-client relationship imposed fiduciary duties of loyalty, candor, fidelity to Plaintiff's lawful objectives, and informed decision-making.

**47.** Defendants breached those duties by placing staffing, billing, or administrative concerns ahead of Plaintiff's stated immigration objectives; pursuing voluntary departure without informed authorization; and seeking withdrawal while representing that Plaintiff consented although he alleges he did not.

**48.** These breaches proximately caused the losses described below. This count is pleaded in the alternative and only to the extent it rests on duties or injuries not duplicative of Counts I or II.

## V. Injuries and Damages

**49.** Plaintiff alleges the following injuries. Each amount, period, and causal connection will be proved through medical, detention, income-loss, economic, vocational, and other qualified evidence where appropriate.

**50.** At least $13,485.91 paid to BPR as documented by the available invoices. Plaintiff alleges total payments of approximately $15,000, subject to additional payment records.

**51.** Approximately $18,000 paid to replacement counsel, subject to the engagement agreement, invoices, payment proof, and proof that the expense was reasonable and caused by the alleged breaches.

**52.** Alleged prolonged detention; deterioration of physical and mental health; two hospitalizations; and alleged new diagnoses, subject to medical, detention, transfer, hearing, causation, and expert evidence.

**53.** Lost Arizona State University wages at approximately $20,000 per year for the period established through employment, payroll, and causation evidence.

**54.** Lost health-insurance benefits at approximately $2,000 per year for the period and value established through benefits and causation evidence.

**55.** Financial losses associated with alleged vehicle repossessions and loans of approximately $75,000 and $28,000. Plaintiff does not allege that loan balances automatically equal recoverable damages; actual loss, mitigation, and causation must be proved.

**56.** Financial losses associated with two alleged apartment evictions, estimated at approximately $9,000 and $7,000, subject to leases, judgments, payments, mitigation, and causation evidence.

## VI. Prayer for Relief

**57.** Plaintiff incorporates paragraphs 1 through 56 as though fully stated here.

**58.** Plaintiff requests compensatory, consequential, and other legally recoverable damages exceeding $75,000, exclusive of interest and costs, in an amount proved at trial.

**59.** Plaintiff requests return, restitution, or disgorgement of fees to the extent permitted by law.

**60.** Plaintiff requests prejudgment and post-judgment interest, taxable costs, and any attorney fees authorized by law or contract.

**61.** Plaintiff requests punitive damages only if supported by evidence satisfying the applicable legal standard.

**62.** Plaintiff requests any other legal or equitable relief that the Court finds just and proper.

## VII. Jury Demand

**63.** Plaintiff demands a trial by jury on all issues triable by jury.

## Declaration

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge, information, and belief after reasonable inquiry.

Executed on 1st of September, 2026.

*Wangshuo Qi*

Wangshuo Qi, Plaintiff Pro Se

554 Lancaster Avenue

Malvern, Pennsylvania 19355

Telephone: 531-333-3536

Email: wq2024@nyu.edu

## PROPOSED EXHIBIT INDEX

Exhibits are not embedded in this attachment. If filed, attach only relevant, properly redacted records and preserve each record's substance.

**Exhibit A:** Redacted February 10, 2026 fee agreement.

**Exhibit B:** Redacted BPR invoices and available payment records.

**Exhibit C:** Redacted March 19, 2026 cover letter and relevant I-589 pages.

**Exhibit D:** Redacted voluntary-departure motion and written pleadings.

**Exhibit E:** Redacted final motion to withdraw and immigration judge's withdrawal order.

**Exhibit F:** Redacted replacement-counsel engagement agreement, invoices, payment proof, bond-hearing record, and release record.

**Exhibit G:** Redacted record identifying the Franco-Gonzalez hearing and resulting relief.

# Exhibit A

Benach Pitney Reilly
YOUR IMMIGRATION LAWYERS

February 10, 2026

Wangshuo Qi
c/o Hank Lee

**RE: Fee Agreement for Legal Services**

Dear Wangshuo,

We appreciate the opportunity to represent you in your U.S. immigration needs. To ensure a thorough understanding of the assistance and services we will provide, we set forth herein important information about the terms of your engagement. This agreement (the "Agreement") is made by and between **Benach Pitney Reilly LLP** (the "Firm") and **Wangshuo Qi** (the "Client") for legal representation. The Firm and the Client agree as follows:

A. Scope of Representation

**The Firm will seek bond before the immigration court. The Firm will represent the Client before the immigration court. The Firm will assist the Client in seeking reinstatement of his F-1 status before USCIS.**

**Any subsequent representation shall be covered under a separate agreement.**

B. Payment of Fees

The Firm will accept your case on an hourly basis. Our fees are based on the time spent and the hourly rates of each attorney, paralegal, and legal assistant performing work on your behalf. The hourly rates for each of our professionals are as follows:

| BPR Professional | Hourly Rate |
|---|---|
| Founding Partner- | $800 |
| Partners- | $650 |
| Counsel- | $550 |
| Associate Attorneys- | $500 |
| Managing Paralegal- | $425 |
| Senior Paralegals- | $400 |
| Paralegals- | $350 |
| Administrative Team- | $200 |

Most of the work on your case will be handled by attorney Erica Reilly. To the extent possible, we will endeavor to have other members of the staff handle appropriate tasks at lower rates, and will delegate "legwork" to you in gathering documentation as much as possible.

The Firm may at any time request an advance fee retainer for any professional fees associated with your case. Retainers and other funds that belong to you will be held without interest on account by the firm, until disbursed. Such funds may be applied in payment of your account for legal fees owed or other expenses incurred on your behalf. Note that agency filing fees may change at any time and are outside the Firm's control. **We will require an initial retainer fee of $7500.**

**If the retainer amount is applied in its entirety in payment of your account but there is still additional work to be done to complete the representation listed in Part A, you will be billed monthly for any additional professional fees required to complete that representation at the hourly rates listed in Part B. *The total cost of the case may be higher than $7500 depending on the amount of work that is required. If there are complications requiring more work, the cost may be much higher.*** On the other hand, if the case concludes and there are still funds remaining in the Client's account with the Firm, the Firm will return that money to the Client by means of a company check at the end of the case.

Payment may be made via check, cash, credit card, or wire transfer. A credit card payment may be made here https://secure.lawpay.com/pages/bprimmigration/trust.

Once you have made your initial payment, our administrative team will contact you to obtain information for a credit card to make your monthly payments of $1,000 automatically. Without a valid card, the Firm can cancel this Agreement without further notice.

C. Billing

Our billing statements will be rendered monthly and are payable within 30 days. In the event that statements are not timely paid, or that payment terms satisfactory to the Firm are not established, we reserve the right to renegotiate the terms of this engagement, to terminate it and withdraw from this or any representation of you, and/or to pursue other remedies, including the right to charge you a late fee of up to 1% per month for any statement which has not been paid within 30 days after it was sent to you.

We will bill you for all disbursements and out-of-pocket expenses made or incurred on your behalf. These expenses typically include such items as document reproduction, travel expenses, long distance telephone calls, mailing charges, necessary secretarial overtime, messenger services, and filing fees. Please note that if we anticipate that substantial expenses must be incurred on your behalf, we may request a deposit from you prior to incurring such expenses or we may request that you pay the vendor directly.

We are happy to discuss our billings with you at any time and welcome the opportunity to address any questions you may have. We do not bill for time spent discussing billing matters, but please note that we bill for all other substantive communications. Our minimum billing increment is 6 minutes, or 1/10th of an hour, so all substantive entries on your invoice that are not related to billing will be charged this minimum amount.

Benach Pitney Reilly
YOUR IMMIGRATION LAWYERS

D. Firm Communications Policy

The Firm uses MyCase to communicate with the Client and to securely store and share Client documents. The Client must provide the Firm with a valid email address in order to receive an invitation to the MyCase portal and to receive communications from the Firm. If the Client changes their email address at any time, they must notify the Firm immediately. The Client agrees to regularly check their email messages to ensure that they do not miss any communications from the Firm.

The Firm may communicate with the Client by phone, email, or text message. The Client understands that texts are sent via the MyCase platform and responses to texts are also received in MyCase, not to the cellphone of any Firm staff. The MyCase platform does not have the ability to receive documents or photos through text message. The Client must upload all documents and photos directly to the MyCase portal.

Texts, emails, or calls received outside the Firm's standard business hours of Monday-Friday 9:00 AM-6:00 PM will not be responded to until the following business day, barring any emergency. The Firm strives to respond to all non-emergency communications within one business day. Note that weekends and holidays are not included in the calculation of business days.

The Firm does not tolerate abusive language or contact with the Firm's staff. Insulting language, threats, or aggressive behavior of any kind by the Client is cause for immediate termination of this agreement.

E. The Firm's Obligation to Inform the Client

The Firm is obligated to promptly inform the Client of matters pertaining to the status of the case and to provide copies of relevant written materials, including government filings. The Firm will educate the Client about the case and respond promptly to inquiries from the Client. The Firm will work diligently to achieve the Client's goals but cannot, and does not, guarantee success.

F. The Client's Obligation to Provide Accurate Information – Timing and Outcome

The Client is obligated to provide the Firm with accurate information. Complete and truthful information also must be provided by the Client on all documents as well as oral information submitted to the U.S. government. If the Client provides misinformation, the Firm may immediately withdraw its representation of the Client. In addition, the Client is obligated to advise the firm, within 48 hours, of any changes regarding student status, employment (including, but not limited to, job title or duties), marital status, surface or e-mail addresses, telephone numbers, arrests or encounters with law enforcement or U.S. immigration authorities of any kind, and for any reason, and anything else that may have a bearing on the Client's case or

immigration status. The Client understands that government processing delays and ultimate outcomes are beyond the Firm's control.

G. Termination of Representation and Client Files

The Client understands and agrees that the Firm may withdraw representation if any and all attorneys' fees and/or costs are not paid within 30 days of the billing event. Unless previously terminated, our representation of you will end upon the Firm sending you a final statement for services rendered in this matter. Following such termination, any otherwise nonpublic information you have supplied to the Firm, which is retained by us, will be kept confidential in accordance with applicable rules of professional conduct. At your request, your papers and property will be returned to you promptly upon receipt of payment of outstanding fees and costs.

The Firm's own files pertaining to the matter will be retained by the Firm. These files include, for example, firm administrative records, time and expense reports, personnel and staffing materials, credit and accounting records, and internal lawyers' work products such as drafts, notes, and internal memoranda. For various reasons, including the minimization of unnecessary storage expenses, the Firm reserves the right to destroy or otherwise dispose of any documents or other materials retained by us within a reasonable time after termination of the engagement. The Firm will send copies to the Client of all government filings. The Client should retain copies of these documents for his/her own records.

If these terms are acceptable, kindly sign below and return this agreement along with the initial retainer payment of $7500. Please do not hesitate to contact me with any questions. We appreciate your confidence in Benach Pitney Reilly LLP and look forward to being of assistance.

Best regards,

Erica J. Reilly, Esq.

**ACCEPTED AND AGREED TO:**

ID BQnhkyQYR7giZz1apVXTDv7j

Hank Lee for Wangshuo Qi

## eSignature Details

| | |
|---|---|
| **Signer ID:** | **BQnhkyQYR7giZz1apVXTDv7j** |
| Signed by: | Wangshuo Qi |
| Sent to email: | hanklee97121@gmail.com |
| IP Address: | 163.114.132.136 |
| Signed at: | Feb 10 2026, 2:00 pm EST |

# Exhibit B

**Benach Pitney Reilly LLP**
4530 Wisconsin Avenue, NW
Suite 400
Washington , DC 20016
United States
202-644-8600

YOUR IMMIGRATION LAWYERS

**Wangshuo Qi**
NA

| | |
|---|---|
| **Balance** | $0.00 |
| **Invoice #** | 48632 |
| **Invoice Date** | March 2, 2026 |
| **Payment Terms** | Net 30 |
| **Due Date** | April 01, 2026 |

## Qi, Wangshuo ("Irwin") - Asylum (EJR/HR)

For services rendered between
January 01, 2026 and February 28, 2026

### Time Entries

| Date | EE | Activity | Description | Rate | Hours | Line Total |
|---|---|---|---|---|---|---|
| 02/10/2026 | EJR | Case Opening Tasks | Emailed with Hank re docs for bond and reinstatement. | $650.00 | 0.2 | $130.00 |
| 02/10/2026 | AB | Case Discussion | Case Introduction and Discussion with EJR. | $425.00 | 0.2 | $85.00 |
| 02/11/2026 | AB | Phone Call | Phone Conversation with Client. RE: Referrals for Potential Civil Attorneys; Phone Conversation with Client. RE: Providing Verbal Consent to Discuss His Case with Others & Making Hank POA. | $425.00 | 0.2 | $85.00 |
| 02/11/2026 | EJR | Email | Emailed with Hank. | $650.00 | 0.2 | $130.00 |
| 02/12/2026 | EJR | Multiple | Texted with client. Checked A# in the system and in detainee locator. Discussed case with AB. | $650.00 | 1.0 | $650.00 |
| 02/12/2026 | AB | Case Discussion | Case Discussion with EJR. | $425.00 | 0.3 | $127.50 |
| 02/13/2026 | EJR | Multiple | Call with client. Texted with client about U Visa, potential parole, asylum application. Reached out to Oscar for additional documents. Entered G28 with ERO. Sent email to ERO Phoenix. | $650.00 | 0.7 | $455.00 |
| 02/13/2026 | SU | Multiple | prep return to sender Fedex envelope, draft letter for instructions for client | $250.00 | 0.4 | $100.00 |
| 02/17/2026 | EJR | Multiple | Entered appearance. Filed motion for webex. Reached out to Hank. Contacted detention center. Contacted immigration court. Discussed release/parole with SBP. | $650.00 | 1.1 | $715.00 |
| 02/18/2026 | EJR | (Not Specified) | Emailed with Florence. | $650.00 | 0.3 | $195.00 |
| 02/19/2026 | AE | Opening File | Creating Dropbox & Physical folder with also saving and renaming documents. | $150.00 | 0.5 | $75.00 |
| 02/19/2026 | EJR | Multiple | MCH. Reviewed medical records. Reached out to hospital. | $650.00 | 1.1 | $715.00 |
| 02/19/2026 | AB | Case Discussion | Case Discussion with EJR. RE: Outcome of MCH and Medical Records. | $425.00 | 0.3 | $127.50 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 02/23/2026 | EJR | Multiple | Emailed with Carlos. Tried to schedule VAV. Emailed with Hank's divorce attorney. | $650.00 | 0.3 | $195.00 |
| 02/24/2026 | EJR | (Not Specified) | Reviewed notice from ERO. Tried texting Irwin. | $650.00 | 0.1 | $65.00 |
| 02/25/2026 | EJR | Reviewing Documents | Reviewed docs from divorce attorney | $650.00 | 0.1 | $65.00 |
| 02/26/2026 | AB | Case Discussion | Case Discussion with EJR. RE: Outcome of Hearing. | $425.00 | 0.1 | $42.50 |
| 02/26/2026 | EJR | Multiple | MCH. Emailed Oscar. Tried to schedule VAV. | $650.00 | 0.4 | $260.00 |
| | | | | Totals: | **7.5** | **$4,217.50** |

## Expenses

| Date | EE | Activity | Description | Cost | Quantity | Line Total |
|---|---|---|---|---|---|---|
| 02/12/2026 | EJR | (Not Specified) | Added funds to Getting Out account | $88.45 | 1.0 | $91.10 |
| 02/12/2026 | EJR | (Not Specified) | Additional money to getting out account | $25.00 | 1.0 | $25.75 |
| 02/26/2026 | EJR | (Not Specified) | Added money to Getting Out account | $28.81 | 1.0 | $29.67 |
| | | | | | Expense Total: | **$146.52** |

| | |
|---|---|
| Time Entry Sub-Total: | $4,217.50 |
| Expense Sub-Total: | $146.52 |
| **Sub-Total:** | $4,364.02 |
| **Total:** | $4,364.02 |
| **Amount Paid:** | $4,364.02 |
| **Balance Due:** | **$0.00** |

## Payment History

| Activity | Date | Payment Method | Amount | Responsible User | Deposited Into |
|---|---|---|---|---|---|
| Payment Received | Mar 2, 2026 | Trust | $4,364.02 | Erica J Reilly (Attorney) | Operating |

**Benach Pitney Reilly LLP**
4530 Wisconsin Avenue, NW
Suite 400
Washington , DC 20016
United States
202-644-8600

**Wangshuo Qi**
NA

| | |
|---|---|
| **Balance** | $0.00 |
| **Invoice #** | 48897 |
| **Invoice Date** | April 1, 2026 |
| **Payment Terms** | Net 30 |
| **Due Date** | May 01, 2026 |

## Qi, Wangshuo ("Irwin") - Asylum (EJR/HR)

For services rendered between
February 01, 2026 and March 31, 2026

### Time Entries

| Date | EE | Activity | Description | Rate | Hours | Line Total |
|---|---|---|---|---|---|---|
| 03/02/2026 | EJR | Filing With USCIS/Court | Drafted and filed Motions for webex and withdrawal. | $650.00 | 0.3 | $195.00 |
| 03/04/2026 | AB | Case Discussion | Case Discussion with EJR. | $425.00 | 0.1 | $42.50 |
| 03/04/2026 | EJR | Case Discussion | Emailed and called Florence to see how I can speak with client. | $650.00 | 0.3 | $195.00 |
| 03/06/2026 | EJR | Court Hearing | Court. | $650.00 | 1.0 | $650.00 |
| 03/09/2026 | EJR | Multiple | Spoke with Irwin. Emailed with facility to arrange call. Filed motion for webex. | $650.00 | 0.3 | $195.00 |
| 03/09/2026 | AB | Case Discussion | Case Discussion with EJR. RE: Phone Conversation with Irwin. | $425.00 | 0.1 | $42.50 |
| 03/10/2026 | EJR | Multiple | Calls with Irwin. Emailed Hank's divorce attorney. Emailed Benjamin Keown. | $650.00 | 1.5 | $975.00 |
| 03/10/2026 | AB | Case Discussion | Case Discussion with EJR. | $425.00 | 0.2 | $85.00 |
| 03/11/2026 | EJR | Phone Call | Spoke with Hank and his lawyer. | $650.00 | 0.5 | $325.00 |
| 03/12/2026 | EJR | Multiple | Call with Irwin. Emailed Irene (bounced back). Texted Irene. Reviewed I213. | $650.00 | 0.6 | $390.00 |
| 03/13/2026 | EJR | Multiple | Call with Irwin. Emailed with Florence. | $650.00 | 0.4 | $260.00 |
| 03/16/2026 | EJR | Multiple | Spoke with Irwin. Emailed divorce attorney re location for service. MCH. | $650.00 | 0.9 | $585.00 |
| 03/16/2026 | AB | Form Preparation | Started Drafting I-589. | $425.00 | 0.4 | $170.00 |
| 03/17/2026 | EJR | Multiple | Phone call with Irwin. Filed motion for webex. Emailed Irwin's parents. | $650.00 | 0.4 | $260.00 |
| 03/18/2026 | AB | Form Preparation | Started Drafting Missing Information Letter to Client. | $425.00 | 0.4 | $170.00 |
| 03/19/2026 | EJR | Research | Discussed case with AB. Looked into religious persecution. | $650.00 | 0.2 | $130.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 03/20/2026 | AB | Multiple | Case Discussion with EJR; Finalized Missing Information Cover Letter; Printed Draft I-589 & Response Paper; Mailed to Client w/ x3 USPS Pre-Paid Return Envelopes. | $425.00 | 0.4 | $170.00 |
| 03/20/2026 | EJR | Research | Researched Matter of Temu and asylum based on mental illness/erratic behavior/believed ties to the US government. | $650.00 | 0.4 | $260.00 |
| 03/23/2026 | EJR | Phone Call | Call with client. Spoke with care team. | $650.00 | 0.5 | $325.00 |
| 03/24/2026 | EJR | Court Hearing | MCH | $650.00 | 1.0 | $650.00 |
| 03/25/2026 | EJR | Multiple | Left message with duty DO. Emailed field office. Requested VAV. | $650.00 | 0.2 | $130.00 |
| | | | | Totals: | **10.1** | **$6,205.00** |

## Expenses

| Date | EE | Activity | Description | Cost | Quantity | Line Total |
|---|---|---|---|---|---|---|
| 03/09/2026 | EJR | (Not Specified) | Added funds to account | $28.81 | 1.0 | $29.67 |
| 03/10/2026 | EJR | (Not Specified) | Added money to calling account | $64.50 | 1.0 | $66.44 |
| 03/23/2026 | AE | Postage | Draft I-589 & Lined Paper to client via USPS # 9405550105797021197700 | $8.90 | 1.0 | $8.90 |
| 03/23/2026 | AE | Postage | (X3) Return Labels to the office via USPS # 9402211206243898333938 , # 9405550105795021312161, # 9405550105797021199636 | $28.55 | 1.0 | $28.55 |
| | | | | | Expense Total: | **$133.56** |

**Notes:**

EJR March 2026 Invoices

| | |
|---|---|
| Time Entry Sub-Total: | $6,205.00 |
| Expense Sub-Total: | $133.56 |
| **Sub-Total:** | $6,338.56 |
| **Total:** | $6,338.56 |
| **Amount Paid:** | $6,338.56 |
| **Balance Due:** | **$0.00** |

## Payment History

| Activity | Date | Payment Method | Amount | Responsible User | Deposited Into |
|---|---|---|---|---|---|
| Payment Received | Apr 1, 2026 | Trust | $3,202.58 | Erica J Reilly (Attorney) | Operating |
| Payment Received | Apr 1, 2026 | Trust | $3,135.98 | Erica J Reilly (Attorney) | Operating |

**Benach Pitney Reilly LLP**
4530 Wisconsin Avenue, NW
Suite 400
Washington , DC 20016
United States
202-644-8600

**Wangshuo Qi**
NA

| | |
|---|---|
| **Balance** | $0.00 |
| **Invoice #** | 49198 |
| **Invoice Date** | May 1, 2026 |
| **Payment Terms** | Net 30 |
| **Due Date** | May 31, 2026 |

## Qi, Wangshuo ("Irwin") - Asylum (EJR/HR)

For services rendered between
March 01, 2026 and April 30, 2026

### Time Entries

| Date | EE | Activity | Description | Rate | Hours | Line Total |
|---|---|---|---|---|---|---|
| 04/06/2026 | EJR | Multiple | Call with client. Reviewed medical records. | $650.00 | 0.5 | $325.00 |
| 04/10/2026 | EJR | Multiple | Emailed with Oscar. Checked on Irwin's status. Requested VAV at Otay Mesa. | $650.00 | 0.2 | $130.00 |
| 04/13/2026 | EJR | Multiple | Tried to schedule VAV. Emailed with Oscar. Reached out on gettingout. | $650.00 | 0.2 | $130.00 |
| 04/21/2026 | EJR | Phone Call | Phone call with client to discuss case, get missing info for I589. | $650.00 | 0.5 | $325.00 |
| 04/21/2026 | AB | Multiple | Case Discussion with EJR; Phone Conversation with Client. | $425.00 | 0.2 | $85.00 |
| 04/24/2026 | AB | Multiple | Continued Drafting I-589; Updated Cover Letter and Mailed Updated I-589, Missing Information and Lined Pages to Client at Florence Detention Center. | $425.00 | 0.7 | $297.50 |
| 04/24/2026 | EJR | Phone Call | Phone call to discuss VD and asylum. Wants to move forward with asylum. | $650.00 | 0.2 | $130.00 |
| 04/27/2026 | AB | Multiple | Case Discussion with EJR; Continued Drafting I-589; Given to EJR for Review. | $425.00 | 1.1 | $467.50 |
| 04/27/2026 | EJR | Multiple | Spoke with client on the phone. Discussed case with AB. | $650.00 | 0.2 | $130.00 |
| 04/29/2026 | EJR | Filing With USCIS/Court | Spoke to client and confirmed he wants to seek voluntary departure. Drafted and filed written pleadings and motion for VD. | $650.00 | 0.4 | $260.00 |
| 04/30/2026 | AB | Multiple | Phone Conversation with Irwin. RE: Missing Information for I-589; Case Discussion with EJR. | $425.00 | 0.6 | $255.00 |
| 04/30/2026 | SBP | Case Discussion | Discuss case w/ ER | $500.00 | 0.2 | $100.00 |
| 04/30/2026 | EJR | Multiple | Drafted and filed motion for webex. Phone call with client re VD versus I589. | $650.00 | 0.2 | $130.00 |
| **Non-billable Time Entries:** | | | | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| 04/29/2026 | AB | Multiple | Case Discussion with EJR; Phone Conversation with Client. RE: VD. | $425.00 | 0.2 | $85.00 |
| | | | | Totals: | **5.2** | **$2,765.00** |

## Expenses

| Date | EE | Activity | Description | Cost | Quantity | Line Total |
|---|---|---|---|---|---|---|
| 04/24/2026 | DB | Postage | Documents to client via USPS Priority Mail 9405 5501 0579 7023 8949 66 with return envelope Priority Mail. | $17.80 | 1.0 | $18.33 |
| | | | | | Expense Total: | **$18.33** |

**Notes:**

EJR - April 2026 Invoices

| | |
|---|---|
| Time Entry Sub-Total: | $2,765.00 |
| Expense Sub-Total: | $18.33 |
| **Sub-Total:** | $2,783.33 |
| **Total:** | $2,783.33 |
| **Amount Paid:** | $2,783.33 |
| **Balance Due:** | **$0.00** |

## Payment History

| Activity | Date | Payment Method | Amount | Responsible User | Deposited Into |
|---|---|---|---|---|---|
| Payment Received | May 1, 2026 | Trust | $2,783.33 | Erica J Reilly (Attorney) | Operating |

# Exhibit C

# Application for Asylum and for Withholding of Removal

**Department of Homeland Security**
U.S. Citizenship and Immigration Services

**USCIS**
**Form I-589**
OMB No. 1615-0067
Expires 09/30/2027

**START HERE - Type or print in black ink. See the instructions for information about eligibility and how to complete and file this application.**

**NOTE:** ☒ Check this box if you also want to apply for withholding of removal under the Convention Against Torture.

## Part A.I. Information About You

| | | |
|---|---|---|
| **1.** Alien Registration Number(s) (A-Number) *(if any)* [redacted] | **2.** U.S. Social Security Number *(if any)* [redacted] | **3.** USCIS Online Account Number *(if any)* N/A |
| **4.** Complete Last Name: Qi | **5.** First Name: Wangshuo | **6.** Middle Name: N/A |

**7.** What other names have you used *(include maiden name and aliases)?*
Qi, Irwin

**8.** Residence in the U.S. *(where you physically reside)*

| | | | |
|---|---|---|---|
| Street Number and Name: 7050 Parkway Drive | | Apt. Number: | |
| City: Lamesa | State: CA | Zip Code: 91949 | Telephone Number: ( ) |

(**NOTE:** *You must be residing in the United States to submit this form.*)

**9.** Mailing Address in the U.S. *(if different than the address in Item Number 8)*

| | | |
|---|---|---|
| In Care Of *(if applicable)*: Benach Pitney Reilly LLP | | Telephone Number: ( 202 ) 644-8600 |
| Street Number and Name: 4530 Wisconsin Avenue NW | | Apt. Number: Suite 400 |
| City: Washington | State: DC | Zip Code: 20016 |

**10.** Sex ☒ Male ☐ Female
**11.** Marital Status: ☐ Single ☒ Married ☐ Divorced ☐ Widowed

| | | | |
|---|---|---|---|
| **12.** Date of Birth *(mm/dd/yyyy)*: 04/12/1997 | **13.** City and Country of Birth: Xi'an, Shaanxi, China | | |
| **14.** Present Nationality *(Citizenship)*: China | **15.** Nationality at Birth: China | **16.** Race, Ethnic, or Tribal Group: Asian | **17.** Religion: Presbyterian |

**18.** *Check the box, a through c, that applies:* **a.** ☐ I have never been in Immigration Court proceedings.
**b.** ☒ I am now in Immigration Court proceedings. **c.** ☐ I am **not** now in Immigration Court proceedings, but I have been in the past.

**19.** *Complete 19 a through c.*
**a.** When did you last leave your country? *(mm/dd/yyyy)* 01/15/2020 **b.** What is your current I-94 Number, if any? 443501090A2

**c.** List each entry into the U.S. beginning with your most recent entry. *List date (mm/dd/yyyy), place, and your status for each entry. (Attach additional sheets as needed.)*

| Date | Place | Status | Date Status Expires |
|---|---|---|---|
| 01/15/2020 | Seattle, WA | F-1 Student | D/S |
| N/A | N/A | N/A | |
| N/A | N/A | N/A | |

| | | |
|---|---|---|
| **20.** What country issued your last passport or travel document? China | **21.** Passport Number E82860987<br>Travel Document Number N/A | **22.** Expiration Date *(mm/dd/yyyy)* 07/31/2026 |
| **23.** What is your native language *(include dialect, if applicable)?* Chinese | **24.** Are you fluent in English? ☒ Yes ☐ No | **25.** What other languages do you speak fluently? N/A |

## Part A.II. Information About Your Spouse and Children

| For EOIR use only. | For USCIS use only. | Action: Interview Date: ______ Asylum Officer ID No.: ______ | Decision: Approval Date: ______ Denial Date: ______ Referral Date: ______ |
|---|---|---|---|

**Your spouse** [ ] I am not married. (Skip to **Your Children** below.)

| 1. Alien Registration Number (A-Number) *(if any)* | 2. Passport/ID Card Number *(if any)* | 3. Date of Birth *(mm/dd/yyyy)* | 4. U.S. Social Security Number *(if any)* |
|---|---|---|---|
| | | 12/13/1997 | |
| **5.** Complete Last Name | **6.** First Name | **7.** Middle Name | **8.** Other names used *(include maiden name and aliases)* |
| [redacted] | [redacted] | [redacted] | |

| 9. Date of Marriage *(mm/dd/yyyy)* | 10. Place of Marriage | 11. City and Country of Birth |
|---|---|---|
| 11/10/2025 | Colorado | China |

| 12. Nationality *(Citizenship)* | 13. Race, Ethnic, or Tribal Group | 14. Sex |
|---|---|---|
| China | Asian | [X] Male [ ] Female |

**15.** Is this person in the U.S.?
[X] Yes *(Complete Blocks 16 to 24.)* [ ] No *(Specify location):* ______

| 16. Place of last entry into the U.S. | 17. Date of last entry into the U.S. *(mm/dd/yyyy)* | 18. I-94 Number *(if any)* | 19. Status when last admitted *(Visa type, if any)* |
|---|---|---|---|
| | | | |
| **20.** What is your spouse's current status? | **21.** What is the expiration date of his/her authorized stay, if any? *(mm/dd/yyyy)* | **22.** Is your spouse in Immigration Court proceedings? [ ] Yes [ ] No | **23.** If previously in the U.S., date of previous arrival *(mm/dd/yyyy)* |

**24.** If in the U.S., is your spouse to be included in this application? *(Check the appropriate box.)*
[ ] Yes
[ ] No

**Your Children.** List **all** of your children, regardless of age, location, or marital status.

[X] I do not have any children. *(Skip to Part A.III., Information about your background.)*

[ ] I have children. Total number of children: 0

(**NOTE:** *Use Form I-589 Supplement A or attach additional sheets of paper and documentation if you have more than four children.)*

| 1. Alien Registration Number (A-Number) *(if any)* | 2. Passport/ID Card Number *(if any)* | 3. Marital Status *(Married, Single, Divorced, Widowed)* | 4. U.S. Social Security Number *(if any)* |
|---|---|---|---|
| N/A | N/A | N/A | N/A |
| **5.** Complete Last Name | **6.** First Name | **7.** Middle Name | **8.** Date of Birth *(mm/dd/yyyy)* |
| N/A | N/A | N/A | N/A |
| **9.** City and Country of Birth | **10.** Nationality *(Citizenship)* | **11.** Race, Ethnic, or Tribal Group | **12.** Sex |
| N/A | | N/A | [ ] Male [ ] Female |

**13.** Is this child in the U.S. ? [ ] Yes *(Complete Blocks 14 to 21.)* [ ] No *(Specify location):* N/A

| 14. Place of last entry into the U.S. | 15. Date of last entry into the U.S. *(mm/dd/yyyy)* | 16. I-94 Number *(If any)* | 17. Status when last admitted *(Visa type, if any)* |
|---|---|---|---|
| N/A | N/A | N/A | N/A |

| 18. What is your child's current status? | 19. What is the expiration date of his/her authorized stay, if any? *(mm/dd/yyyy)* | 20. Is your child in Immigration Court proceedings? |
|---|---|---|
| N/A | N/A | [ ] Yes [ ] No |

**21.** If in the U.S., is this child to be included in this application? *(Check the appropriate box.)*
[ ] Yes
[ ] No

## Part A.II. Information About Your Spouse and Children (continued)

| | | | |
|---|---|---|---|
| **1.** Alien Registration Number (A-Number) *(if any)* N/A | **2.** Passport/ID Card Number *(if any)* N/A | **3.** Marital Status *(Married, Single, Divorced, Widowed)* N/A | **4.** U.S. Social Security Number *(if any)* N/A |
| **5.** Complete Last Name N/A | **6.** First Name N/A | **7.** Middle Name N/A | **8.** Date of Birth *(mm/dd/yyyy)* N/A |
| **9.** City and Country of Birth N/A | **10.** Nationality *(Citizenship)* | **11.** Race, Ethnic, or Tribal Group N/A | **12.** Sex ☐ Male ☐ Female |
| **13.** Is this child in the U.S. ? ☐ Yes *(Complete Blocks 14 to 21.)* ☐ No *(Specify location)*: N/A | | | |
| **14.** Place of last entry into the U.S. N/A | **15.** Date of last entry into the U.S. *(mm/dd/yyyy)* N/A | **16.** I-94 Number *(If any)* N/A | **17.** Status when last admitted *(Visa type, if any)* N/A |
| **18.** What is your child's current status? N/A | **19.** What is the expiration date of his/her authorized stay, if any? *(mm/dd/yyyy)* N/A | **20.** Is your child in Immigration Court proceedings? ☐ Yes ☐ No | |
| **21.** If in the U.S., is this child to be included in this application? *(Check the appropriate box.)* ☐ Yes ☐ No | | | |

| | | | |
|---|---|---|---|
| **1.** Alien Registration Number (A-Number) *(if any)* N/A | **2.** Passport/ID Card Number *(if any)* N/A | **3.** Marital Status *(Married, Single, Divorced, Widowed)* N/A | **4.** U.S. Social Security Number *(if any)* N/A |
| **5.** Complete Last Name N/A | **6.** First Name N/A | **7.** Middle Name N/A | **8.** Date of Birth *(mm/dd/yyyy)* N/A |
| **9.** City and Country of Birth N/A | **10.** Nationality *(Citizenship)* | **11.** Race, Ethnic, or Tribal Group N/A | **12.** Sex ☐ Male ☐ Female |
| **13.** Is this child in the U.S. ? ☐ Yes *(Complete Blocks 14 to 21.)* ☐ No *(Specify location)*: N/A | | | |
| **14.** Place of last entry into the U.S. N/A | **15.** Date of last entry into the U.S. *(mm/dd/yyyy)* N/A | **16.** I-94 Number *(If any)* N/A | **17.** Status when last admitted *(Visa type, if any)* N/A |
| **18.** What is your child's current status? N/A | **19.** What is the expiration date of his/her authorized stay, if any? *(mm/dd/yyyy)* N/A | **20.** Is your child in Immigration Court proceedings? ☐ Yes ☐ No | |
| **21.** If in the U.S., is this child to be included in this application? *(Check the appropriate box.)* ☐ Yes ☐ No | | | |

| | | | |
|---|---|---|---|
| **1.** Alien Registration Number (A-Number) *(if any)* N/A | **2.** Passport/ID Card Number *(if any)* N/A | **3.** Marital Status *(Married, Single, Divorced, Widowed)* N/A | **4.** U.S. Social Security Number *(if any)* N/A |
| **5.** Complete Last Name N/A | **6.** First Name N/A | **7.** Middle Name N/A | **8.** Date of Birth *(mm/dd/yyyy)* N/A |
| **9.** City and Country of Birth N/A | **10.** Nationality *(Citizenship)* | **11.** Race, Ethnic, or Tribal Group | **12.** Sex ☐ Male ☐ Female |
| **13.** Is this child in the U.S. ? ☐ Yes *(Complete Blocks 14 to 21.)* ☐ No *(Specify location)*: N/A | | | |
| **14.** Place of last entry into the U.S. N/A | **15.** Date of last entry into the U.S. *(mm/dd/yyyy)* N/A | **16.** I-94 Number *(If any)* N/A | **17.** Status when last admitted *(Visa type, if any)* N/A |
| **18.** What is your child's current status? N/A | **19.** What is the expiration date of his/her authorized stay, if any? *(mm/dd/yyyy)* N/A | **20.** Is your child in Immigration Court proceedings? ☐ Yes ☐ No | |
| **21.** If in the U.S., is this child to be included in this application? *(Check the appropriate box.)* ☐ Yes ☐ No | | | |

## Part A.III. Information About Your Background

**1.** List your last address where you lived before coming to the United States. If this is not the country where you fear persecution, also list the last address in the country where you fear persecution. *(List Address, City/Town, Department, Province, or State and Country.)*
(**NOTE:** *Use Form I-589 Supplement B, or additional sheets of paper, if necessary.)*

| Number and Street *(Provide if available)* | City/Town | Department, Province, or State | Country | Dates From *(Mo/Yr)* | To *(Mo/Yr)* |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |

**2.** Provide the following information about your residences during the past 5 years. List your present address first.
(**NOTE:** *Use Form I-589 Supplement B, or additional sheets of paper, if necessary.)*

| Number and Street | City/Town | Department, Province, or State | Country | Dates From *(Mo/Yr)* | To *(Mo/Yr)* |
|---|---|---|---|---|---|
| 7050 Parkway Drive | Lamesa | CA 91949 | United States | 03/2026 | PRESENT |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**3.** Provide the following information about your education, beginning with the most recent school that you attended.
(**NOTE:** *Use Form I-589 Supplement B, or additional sheets of paper, if necessary.)*

| Name of School | Type of School | Location *(Address)* | Attended From *(Mo/Yr)* | To *(Mo/Yr)* |
|---|---|---|---|---|
| Harrisburg University of Science & Tech | University | 326 Market Street, Harrisburg, PA 17101 | | |
| | | | | |
| | | | | |
| | | | | |

**4.** Provide the following information about your employment during the past 5 years. List your present employment first.
(**NOTE:** *Use Form I-589 Supplement B, or additional sheets of paper, if necessary.)*

| Name and Address of Employer | Your Occupation | Dates From *(Mo/Yr)* | To *(Mo/Yr)* |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

**5.** Provide the following information about your parents and siblings (brothers and sisters). Check the box if the person is deceased.
(**NOTE:** *Use Form I-589 Supplement B, or additional sheets of paper, if necessary.)*

| Full Name | City/Town and Country of Birth | Current Location |
|---|---|---|
| *Mother* Mei Wang | | ☐ Deceased |
| *Father* Shuangbao Qi | | ☐ Deceased |
| *Sibling* N/A | N/A | ☐ Deceased N/A |
| *Sibling* N/A | N/A | ☐ Deceased N/A |
| *Sibling* N/A | N/A | ☐ Deceased N/A |
| *Sibling* N/A | N/A | ☐ Deceased N/A |

## Part B. Information About Your Application

*(**NOTE:** Use Form I-589 Supplement B, or attach additional sheets of paper as needed to complete your responses to the questions contained in Part B.)*

When answering the following questions about your asylum or other protection claim (withholding of removal under 241(b)(3) of the INA or withholding of removal under the Convention Against Torture), you must provide a detailed and specific account of the basis of your claim to asylum or other protection. To the best of your ability, provide specific dates, places, and descriptions about each event or action described. You must attach documents evidencing the general conditions in the country from which you are seeking asylum or other protection and the specific facts on which you are relying to support your claim. If this documentation is unavailable or you are not providing this documentation with your application, explain why in your responses to the following questions.

Refer to Instructions, Part 1: Filing Instructions, Section II, "Basis of Eligibility," Parts A - D, Section V, Completing the Form," Part B, and Section VII, "Additional Evidence That You Should Submit," for more information on completing this section of the form.

**1.** Why are you applying for asylum or withholding of removal under section 241(b)(3) of the INA, or for withholding of removal under the Convention Against Torture? Check the appropriate box(es) below and then provide detailed answers to questions A and B below.

I am seeking asylum or withholding of removal based on:

- [ ] Race
- [x] Religion
- [ ] Nationality
- [ ] Political opinion
- [ ] Membership in a particular social group
- [ ] Torture Convention

**A.** Have you, your family, or close friends or colleagues ever experienced harm or mistreatment or threats in the past by anyone?

- [x] No
- [ ] Yes

If "Yes," explain in detail:
**1.** What happened;
**2.** When the harm or mistreatment or threats occurred;
**3.** Who caused the harm or mistreatment or threats; and
**4.** Why you believe the harm or mistreatment or threats occurred.

N/A

**B.** Do you fear harm or mistreatment if you return to your home country?

- [ ] No
- [x] Yes

If "Yes," explain in detail:
**1.** What harm or mistreatment you fear;
**2.** Who you believe would harm or mistreat you; and
**3.** Why you believe you would or could be harmed or mistreated.

## Part B. Information About Your Application (continued)

**2.** Have you or your family members ever been accused, charged, arrested, detained, interrogated, convicted and sentenced, or imprisoned in any country other than the United States (including for an immigration law violation)?

☐ No ☒ Yes

If "Yes," explain the circumstances and reasons for the action.

**3.A.** Have you or your family members ever belonged to or been associated with any organizations or groups in your home country, such as, but not limited to, a political party, student group, labor union, religious organization, military or paramilitary group, civil patrol, guerrilla organization, ethnic group, human rights group, or the press or media?

☒ No ☐ Yes

If "Yes," describe for each person the level of participation, any leadership or other positions held, and the length of time you or your family members were involved in each organization or activity.

N/A

**3.B.** Do you or your family members continue to participate in any way in these organizations or groups?

☒ No ☐ Yes

If "Yes," describe for each person your or your family members' current level of participation, any leadership or other positions currently held, and the length of time you or your family members have been involved in each organization or group.

N/A

**4.** Are you afraid of being subjected to torture in your home country or any other country to which you may be returned?

☐ No ☒ Yes

If "Yes," explain why you are afraid and describe the nature of torture you fear, by whom, and why it would be inflicted.

## Part C. Additional Information About Your Application

(**NOTE:** *Use Form I-589 Supplement B, or attach additional sheets of paper as needed to complete your responses to the questions contained in Part C.*)

**1.** Have you, your spouse, your child(ren), your parents or your siblings ever applied to the U.S. Government for refugee status, asylum, or withholding of removal?

☒ No ☐ Yes

If "Yes," explain the decision and what happened to any status you, your spouse, your child(ren), your parents, or your siblings received as a result of that decision. Indicate whether or not you were included in a parent or spouse's application. If so, include your parent or spouse's A-number in your response. If you have been denied asylum by an immigration judge or the Board of Immigration Appeals, describe any change(s) in conditions in your country or your own personal circumstances since the date of the denial that may affect your eligibility for asylum.

N/A

**2.A.** After leaving the country from which you are claiming asylum, did you or your spouse or child(ren) who are now in the United States travel through or reside in any other country before entering the United States?

☒ No ☐ Yes

**2.B.** Have you, your spouse, your child(ren), or other family members, such as your parents or siblings, ever applied for or received any lawful status in any country other than the one from which you are now claiming asylum?

☒ No ☐ Yes

If "Yes" to either or both questions (2A and/or 2B), provide for each person the following: the name of each country and the length of stay, the person's status while there, the reasons for leaving, whether or not the person is entitled to return for lawful residence purposes, and whether the person applied for refugee status or for asylum while there, and if not, why he or she did not do so.

N/A

**3.** Have you, your spouse or your child(ren) ever ordered, incited, assisted or otherwise participated in causing harm or suffering to any person because of his or her race, religion, nationality, membership in a particular social group or belief in a particular political opinion?

☒ No ☐ Yes

If "Yes," describe in detail each such incident and your own, your spouse's, or your child(ren)'s involvement.

N/A

## Part C. Additional Information About Your Application (continued)

**4.** After you left the country where you were harmed or fear harm, did you return to that country?

☒ No ☐ Yes

If "Yes," describe in detail the circumstances of your visit(s) (for example, the date(s) of the trip(s), the purpose(s) of the trip(s), and the length of time you remained in that country for the visit(s).)

N/A

**5.** Are you filing this application more than 1 year after your last arrival in the United States?

☐ No ☒ Yes

If "Yes," explain why you did not file within the first year after you arrived. You must be prepared to explain at your interview or hearing why you did not file your asylum application within the first year after you arrived. For guidance in answering this question, see Instructions, Part 1: Filing Instructions, Section V. "Completing the Form," Part C.

**6.** Have you or any member of your family included in the application ever committed any crime and/or been arrested, charged, convicted, or sentenced for any crimes in the United States (including for an immigration law violation)?

☒ No ☐ Yes

If "Yes," for each instance, specify in your response: what occurred and the circumstances, dates, length of sentence received, location, the duration of the detention or imprisonment, reason(s) for the detention or conviction, any formal charges that were lodged against you or your relatives included in your application, and the reason(s) for release. Attach documents referring to these incidents, if they are available, or an explanation of why documents are not available.

N/A

## Part D. Your Signature

I certify, under penalty of perjury under the laws of the United States of America, that this application and the evidence submitted with it are all true and correct. Title 18, United States Code, Section 1546(a), provides in part: Whoever knowingly makes under oath, or as permitted under penalty of perjury under Section 1746 of Title 28, United States Code, knowingly subscribes as true, any false statement with respect to a material fact in any application, affidavit, or other document required by the immigration laws or regulations prescribed thereunder, or knowingly presents any such application, affidavit, or other document containing any such false statement or which fails to contain any reasonable basis in law or fact - shall be fined in accordance with this title or imprisoned for up to 25 years. I certify that I am physically present in the United States or seeking admission at a Port of Entry when I execute this application. I authorize the release of any information from my immigration record that U.S. Citizenship and Immigration Services (USCIS) needs to determine eligibility for the benefit I am seeking.

***WARNING:*** **Applicants who are in the United States unlawfully are subject to removal if their asylum or withholding claims are not granted by an asylum officer or an immigration judge. Any information provided in completing this application may be used as a basis for the institution of, or as evidence in, removal proceedings even if the application is later withdrawn. Applicants determined to have knowingly made a frivolous application for asylum will be permanently ineligible for any benefits under the Immigration and Nationality Act. You may not avoid a frivolous finding simply because someone advised you to provide false information in your asylum application. If filing with USCIS, unexcused failure to appear for an appointment to provide biometrics (such as fingerprints) and your biographical information within the time allowed may result in an asylum officer dismissing your asylum application or referring it to an immigration judge. Failure without good cause to provide DHS with biometrics or other biographical information while in removal proceedings may result in your application being found abandoned by the immigration judge. See sections 208(d)(5)(A) and 208(d)(6) of the INA and 8 CFR sections 208.10, 1208.10, 208.20, 1003.47(d) and 1208.20.**

| Print your complete name. | Write your name in your native alphabet. |
|---|---|
| Wangshuo Qi | |

Did your spouse, parent, or child(ren) assist you in completing this application? ☒ No ☐ Yes *(If "Yes," list the name and relationship.)*

| N/A | N/A | N/A | N/A |
|---|---|---|---|
| *(Name)* | *(Relationship)* | *(Name)* | *(Relationship)* |

Did someone other than your spouse, parent, or child(ren) prepare this application? ☐ No ☒ Yes *(If "Yes," complete Part E.)*

Asylum applicants may be represented by counsel. Have you been provided with a list of persons who may be available to assist you, at little or no cost, with your asylum claim? ☐ No ☒ Yes

Signature of Applicant *(The person in Part. A.I.)*

➡ [ ______________________________ ]    ______________________

Sign your name so it all appears within the brackets    Date (mm/dd/yyyy)

## Part E. Declaration of Person Preparing Form, if Other Than Applicant, Spouse, Parent, or Child

I declare that I have prepared this application at the request of the person named in Part D, that the responses provided are based on all information of which I have knowledge, or which was provided to me by the applicant, and that the completed application was read to the applicant in his or her native language or a language he or she understands for verification before he or she signed the application in my presence. I am aware that the knowing placement of false information on the Form I-589 may also subject me to civil penalties under 8 U.S.C. 1324c and/or criminal penalties under 18 U.S.C. 1546(a).

| Signature of Preparer | Print Complete Name of Preparer |
|---|---|
| | Erica J. Reilly, Esq. |

| Daytime Telephone Number | Address of Preparer: Street Number and Name |
|---|---|
| ( 202 ) 644-8600 | 4530 Wisconsin Avenue NW |

| Apt. Number | City | State | Zip Code |
|---|---|---|---|
| Suite 400 | Washington | DC | 20016 |

| **To be completed by an attorney or accredited representative** (if any). | ☒ **Select this box if Form G-28 is attached.** | **Attorney State Bar Number** (if applicable) | **Attorney or Accredited Representative USCIS Online Account Number** (if any) |
|---|---|---|---|
| | | 90010109 | 0 8 7 8 7 1 5 9 5 7 8 5 |

## Part F. To Be Completed at Asylum Interview, if Applicable

**NOTE:** *You will be asked to complete this part when you appear for examination before an asylum officer of the Department of Homeland Security, U.S. Citizenship and Immigration Services (USCIS).*

I swear (affirm) that I know the contents of this application that I am signing, including the attached documents and supplements, that they are ☐ all true or ☐ not all true to the best of my knowledge and that correction(s) numbered ____ to ____ were made by me or at my request. Furthermore, I am aware that if I am determined to have knowingly made a frivolous application for asylum I will be permanently ineligible for any benefits under the Immigration and Nationality Act, and that I may not avoid a frivolous finding simply because someone advised me to provide false information in my asylum application.

Signed and sworn to before me by the above named applicant on:

Signature of Applicant

Date *(mm/dd/yyyy)*

Write Your Name in Your Native Alphabet

Signature of Asylum Officer

## Part G. To Be Completed at Removal Hearing, if Applicable

**NOTE:** *You will be asked to complete this Part when you appear before an immigration judge of the U.S. Department of Justice, Executive Office for Immigration Review (EOIR), for a hearing.*

I swear (affirm) that I know the contents of this application that I am signing, including the attached documents and supplements, that they are ☐ all true or ☐ not all true to the best of my knowledge and that correction(s) numbered ____ to ____ were made by me or at my request. Furthermore, I am aware that if I am determined to have knowingly made a frivolous application for asylum I will be permanently ineligible for any benefits under the Immigration and Nationality Act, and that I may not avoid a frivolous finding simply because someone advised me to provide false information in my asylum application.

Signed and sworn to before me by the above named applicant on:

Signature of Applicant

Date *(mm/dd/yyyy)*

Write Your Name in Your Native Alphabet

Signature of Immigration Judge

# Application for Asylum and for Withholding of Removal Supplement A

**Department of Homeland Security**
U.S. Citizenship and Immigration Services

**USCIS Form I-589**
OMB No. 1615-0069
Expires 09/30/2027

| A-Number *(If available)* | Date |
|---|---|
| 141044799 | |
| **Applicant's Name** | **Applicant's Signature** |
| Wangshuo Qi | |

## List All of Your Children, Regardless of Age or Marital Status

*(**NOTE:** Use this form and attach additional pages and documentation as needed, if you have more than four children)*

| | | | |
|---|---|---|---|
| 1. Alien Registration Number (A-Number) *(if any)* | 2. Passport/ID Card Number *(if any)* | 3. Marital Status *(Married, Single, Divorced, Widowed)* | 4. U.S. Social Security Number *(if any)* |
| 5. Complete Last Name | 6. First Name | 7. Middle Name | 8. Date of Birth *(mm/dd/yyyy)* |
| 9. City and Country of Birth | 10. Nationality *(Citizenship)* | 11. Race, Ethnic, or Tribal Group | 12. Sex ☐ Male ☐ Female |
| 13. Is this child in the U.S. ? ☐ Yes *(Complete Blocks 14 to 21.)* ☐ No *(Specify location)*: | | | |
| 14. Place of last entry into the U.S. | 15. Date of last entry into the U.S. *(mm/dd/yyyy)* | 16. I-94 Number *(If any)* | 17. Status when last admitted *(Visa type, if any)* |
| 18. What is your child's current status? | 19. What is the expiration date of his/her authorized stay, if any? *(mm/dd/yyyy)* | 20. Is your child in Immigration Court proceedings? ☐ Yes ☐ No | |
| 21. If in the U.S., is this child to be included in this application? *(Check the appropriate box.)* ☐ Yes ☐ No | | | |

| | | | |
|---|---|---|---|
| 1. Alien Registration Number (A-Number) *(if any)* | 2. Passport/ID Card Number *(if any)* | 3. Marital Status *(Married, Single, Divorced, Widowed)* | 4. U.S. Social Security Number *(if any)* |
| 5. Complete Last Name | 6. First Name | 7. Middle Name | 8. Date of Birth *(mm/dd/yyyy)* |
| 9. City and Country of Birth | 10. Nationality *(Citizenship)* | 11. Race, Ethnic, or Tribal Group | 12. Sex ☐ Male ☐ Female |
| 13. Is this child in the U.S. ? ☐ Yes *(Complete Blocks 14 to 21.)* ☐ No *(Specify location)*: | | | |
| 14. Place of last entry into the U.S. | 15. Date of last entry into the U.S. *(mm/dd/yyyy)* | 16. I-94 Number *(If any)* | 17. Status when last admitted *(Visa type, if any)* |
| 18. What is your child's current status? | 19. What is the expiration date of his/her authorized stay, if any? *(mm/dd/yyyy)* | 20. Is your child in Immigration Court proceedings? ☐ Yes ☐ No | |
| 21. If in the U.S., is this child to be included in this application? *(Check the appropriate box.)* ☐ Yes ☐ No | | | |

# Application for Asylum and for Withholding of Removal Supplement B

**Department of Homeland Security**
U.S. Citizenship and Immigration Services

**USCIS**
**Form I-589**
OMB No. 1615-0069
Expires 09/30/2027

## Additional Information About Your Claim to Asylum

| A-Number *(if available)* | Date |
|---|---|
| 141044799 | |
| **Applicant's Name** | **Applicant's Signature** |
| Wangshuo Qi | |

**NOTE:** *Use this as a continuation page for any additional information requested. Copy and complete as needed.*

**Part** ____________

**Question** ____________

# Exhibit D

**Erica J. Reilly, EOIR ID: ZL918266**
**BENACH PITNEY REILLY LLP**
**4530 Wisconsin Ave. NW, Ste. 400**
**Washington, DC 20016**
**(202) 644-8600**

***Counsel for Respondent***

**DETAINED**

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**UNITED STATES IMMIGRATION COURT**
**FLORENCE, ARIZONA**

| | | |
|---|---|---|
| **In the Matter of:** | ) | |
| | ) | |
| | ) | |
| **Wangshuo QI,** | ) | **File No.: A141-044-799** |
| | ) | |
| | ) | |
| **Respondent,** | ) | |
| **In Removal Proceedings** | ) | |

**Next Master Calendar Hearing: May 5, 2026 at 10AM**
**Immigration Judge: Marni Guerrero**

**RESPONDENT'S REQUEST FOR PRE-CONCLUSION VOLUNTARY DEPARTURE**

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**UNITED STATES IMMIGRATION COURT**
**FLORENCE, ARIZONA**

| | | |
|---|---|---|
| **In the Matter of:** | ) | |
| | ) | |
| | ) | |
| **Wangshuo QI,** | ) | **File No.: A141-044-799** |
| | ) | |
| | ) | |
| **Respondent,** | ) | |
| **In Removal Proceedings_** | ) | |

**RESPONDENT'S REQUEST FOR PRE-CONCLUSION VOLUNTARY DEPARTURE**

The Respondent, Mr. Wangshuo Qi, by and through undersigned counsel, respectfully moves the Court to grant pre-conclusion voluntary departure, pursuant to INA § 240b(a)(1) and 8 CFR §§ 1240.26(b)(1)(i). Accordingly, Respondent submitw as follows:

1. Respondent is a native and citizen of China.
2. Respondent is currently in removal proceedings before the Florence Immigration Court.
3. Respondent is currently scheduled for a Master Calendar Hearing on May 5, 2026 at 10AM before Immigration Judge Marni Guerrero.
4. Respondent seeks to return to China. He has been advised of his rights by undersigned counsel.
5. INA § 240B(a)(1) provides that the Immigration Court "may permit an alien voluntarily to depart the United States at the alien's own expense under this subsection… prior to the completion of such [removal] proceedings, if the alien is not deportable under section 1227(a)(2)(A)(iii) [INA § 237(a)(2)(A)(iii)] or section 1227(a)(4)(B) [INA § 237(a)(4)(B)]…" The federal regulations further outline the requirements for a respondent to be granted voluntary departure prior to completion of removal proceedings. *See* 8 CFR

§ 1240.26(b). The regulations provide the following requirements for pre-conclusion voluntary departure:

a. A respondent may be granted pre-conclusion voluntary departure by the Immigration Judge if the respondent:

   i. Makes the request prior to or at the Master Calendar Hearing at which the case is initially calendared for a merits hearing;

   ii. Makes no additional request for relief (or if such requests have been made, such requests are withdrawn prior to any grant of voluntary departure pursuant to this section);

   iii. Concedes removability;

   iv. Waives appeal of all issues; and

   v. Has not been convicted of an aggravated felony and is not deportable under INA § 237(a)(4). *See* 8 CFR § 1240.26(b)(1).

b. Ordinarily, an Immigration Judge may not grant pre-conclusion voluntary departure beyond 30 days after the master calendar hearing at which the case is initially calendared for a merits hearing, unless DHS counsel stipulates to pre-conclusion voluntary departure. *See* 8 CFR §§ 1240.26(b)(1)(ii), (b)(2). The regulations authorize DHS counsel to stipulate to pre-conclusion voluntary departure "[a]t any time prior to the completion of removal proceedings." *See* 8 CFR § 1240.26(b)(2).

6. Respondent is submitting concurrently his written pleadings. With that, he has conceded his removability; waived all appealable issues; not been convicted of an aggravated felony or any other crime anywhere in the world; and is not deportable under INA § 237(a)(4).

7. Respondent is currently detained but is willing and able to assist in securing his necessary travel documents to effectuate his voluntary departure should this request be granted. I
8. Respondent submits that granting pre-conclusion voluntary departure in this matter would be in the interest of judicial economy and conserving the parties' valuable time and resources, as it would clear the Court's docket of an unnecessary individual merits hearing and allow the Court and the Department to focus their resources elsewhere.
9. Accordingly, Respondent respectfully moves the Court to grant pre-conclusion voluntary departure.

WHEREFORE, the Respondent, through undersigned counsel, respectfully moves this Court grant his Request for Pre-Conclusion Voluntary Departure.

Respectfully submitted,

______________________________      ___04/29/2026__

Erica J. Reilly, Esq.
Benach Pitney Reilly LLP
4530 Wisconsin Ave. NW, Ste. 400
Washington, DC 20016
(202) 644-8600
ereilly@BPRimmigration.com
EOIR ID: ZL918266

Date

*Counsel for Respondent*

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**UNITED STATES IMMIGRATION COURT**
**FLORENCE, ARIZONA**

| | | |
|---|---|---|
| **In the Matter of:** | ) | |
| | ) | |
| | ) | |
| **Wangshuo QI,** | ) | **File No.: A141-044-799** |
| | ) | |
| | ) | |
| **Respondent,** | ) | |
| **In Removal Proceedings_** | ) | |

**ORDER OF THE IMMIGRATION JUDGE**

UPON CONSIDERATION of the Motion for Voluntary Departure, it is HEREBY ORDERED that the motion is [ ] **GRANTED** [ ] **DENIED** because:

□ DHS does not oppose the motion.
□ The respondent does not oppose the motion.
□ A response to the motion has not been filed with the court.
□ Good cause has been established for the motion.
□ The court agrees with the reasons stated in the opposition to the motion.
□ The motion is untimely per ______________________.
□ Other:________________________________________________________.

Deadlines:
□ The application(s) for relief must be filed by ________________________________.
□ The respondent must comply with DHS biometrics instructions by _______________.

DONE AND ORDERED THIS ____________ day of _______________________, 2026.

___________________________________
Immigration Judge

Certificate of Service
This document was served by: [ ] Mail [ ] Personal Service
To: [ ] Alien [ ] Alien c/o Custodial Officer [ ] Alien's Atty/Rep [ ] DHS
Date: ________________________ By: Court Staff________________________

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**UNITED STATES IMMIGRATION COURT**
**FLORENCE, ARIZONA**

| | | |
|---|---|---|
| **In the Matter of:** | ) | |
| | ) | |
| | ) | |
| **Wangshuo QI,** | ) | **File No.: A141-044-799** |
| | ) | |
| | ) | |
| **Respondent,** | ) | |
| **In Removal Proceedings_** | ) | |

**PROOF OF SERVICE**

On the 29th day of April, 2026, I, Erica J. Reilly, served a copy of this Respondent's Motion, along with any attached pages, on the DHS ICE Office of the Principal Legal Advisor, via ECAS.

Respectfully submitted,

______________________

__04/29/2026__
Date

Erica J. Reilly, Esq.
Benach Pitney Reilly LLP
4530 Wisconsin Ave. NW, Ste. 400
Washington, DC 20016
(202) 644-8600
ereilly@BPRimmigration.com
EOIR ID: ZL918266

*Counsel for Respondent*

**Erica J. Reilly, EOIR ID: ZL918266**
**BENACH PITNEY REILLY LLP**
**4530 Wisconsin Ave. NW, Ste. 400**
**Washington, DC 20016**
**(202) 644-8600**

***Counsel for Respondent***

**DETAINED**

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**UNITED STATES IMMIGRATION COURT**
**FLORENCE, ARIZONA**

| | | |
|---|---|---|
| **In the Matter of:** | ) | |
| | ) | |
| | ) | |
| **Wangshuo QI,** | ) | **File No.: A141-044-799** |
| | ) | |
| | ) | |
| **Respondent,** | ) | |
| **In Removal Proceedings** | ) | |

**Next Master Calendar Hearing: May 5, 2026 at 10AM**
**Immigration Judge: Marni Guerrero**

**RESPONDENT'S WRITTEN PLEADINGS**

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**UNITED STATES IMMIGRATION COURT**
**FLORENCE, ARIZONA**

| | | |
|---|---|---|
| **In the Matter of:** | ) | |
| | ) | |
| | ) | |
| **Wangshuo QI,** | ) | **File No.: A141-044-799** |
| | ) | |
| | ) | |
| **Respondent,** | ) | |
| **In Removal Proceedings** | ) | |

**RESPONDENT'S WRITTEN PLEADINGS**

Respondent, Wangshuo Qi, through undersigned counsel, hereby files his written pleadings. In support of this motion, Respondent, through their undersigned counsel, states as follows:

1. Respondent was served a referral notice and Notices to Appear ("NTA") on February 8, 2026, in person.

2. Respondent concedes proper service of their Notice to Appear, dated February 8, 2026, and waives a formal reading thereof.

3. Undersigned counsel represents to the Court that she has discussed with Respondent the nature and purpose of these proceedings, discussed specifically the allegations of facts and the charge of removability, and further advised Respondents of their legal rights in removal proceedings.

4. Undersigned counsel represents to the Court that she has explained the following to the Respondents:

    a. The rights set forth in 8 C.F.R. § 1240.10(a);

b. The consequences of failing to appear in court as set forth in INA § 240(b)(5);

c. The limitation on discretionary relief for failure to appear set forth in INA § 240(b)(7);

d. The consequences of knowingly filing or making a frivolous application as set forth in INA § 208(d)(6); and

e. The requirement to notify the court within five days of any change of address or telephone number, using Form EOIR-33/IC pursuant to 8 C.F.R. § 1003.15(d).

5. As to each of these points, Counsel is satisfied that Respondent understands fully. Respondent enters the following plea before this Court:

   a. Admit allegations one through five;

   b. Concede the sole charge of removability; and

   c. Designate China as the country of removal.

6. Respondent is concurrently filing with these pleadings a Motion for Pre-Conclusion Voluntary Departure.

7. Respondent respectfully moves the Court to cancel his Master Calendar Hearing, currently scheduled for May 5, 2026. A Master Calendar Hearing is not necessary at this time. The purpose of the Master Calendar Hearing would be for the Respondent to present his pleadings and any applications for relief. However, he has already done so in writing via this submission to the Court.

WHEREFORE Respondent respectfully submits these written pleadings.

Respectfully submitted,



____________________________ ___04/29/2026__

Erica J. Reilly, Esq. Date

Benach Pitney Reilly LLP
4530 Wisconsin Ave. NW, Ste. 400
Washington, DC 20016
(202) 644-8600
ereilly@BPRimmigration.com
EOIR ID: ZL918266

*Counsel for Respondent*

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**UNITED STATES IMMIGRATION COURT**
**FLORENCE, ARIZONA**

| | | |
|---|---|---|
| **In the Matter of:** | ) | |
| | ) | |
| | ) | |
| **Wangshuo QI,** | ) | **File No.: A141-044-799** |
| | ) | |
| | ) | |
| **Respondent,** | ) | |
| **In Removal Proceedings** | ) | |

**PROOF OF SERVICE**

On the 29th day of April, 2026, I, Erica J. Reilly, served a copy of this Respondent's Written Pleadings, along with any attached pages, on the DHS ICE Office of the Principal Legal Advisor, via ECAS.

Respectfully submitted,



__________________________ 04/29/2026

Erica J. Reilly, Esq. Date
Benach Pitney Reilly LLP
4530 Wisconsin Ave. NW, Ste. 400
Washington, DC 20016
(202) 644-8600
ereilly@BPRimmigration.com
EOIR ID: ZL918266

*Counsel for Respondent*

# Exhibit E

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**FLORENCE IMMIGRATION COURT**

Respondent Name:
QI, WANGSHUO
To:
Erica Jacobson Reilly, Esq.
4530 Wisconsin Ave NW
Suite 400
Washington, DC 20016

A-Number:
141-044-799
Riders:
In Removal Proceedings
Initiated by the Department of Homeland Security
Date:
05/08/2026

## ORDER OF THE IMMIGRATION JUDGE

Upon due consideration, it is hereby ordered that the motion to withdraw as counsel filed by Erica Jacobson Reilly, Esq. is:

☐ granted. Above-named counsel will remain the Attorney of Record, however, for the limited purpose of service of any *in absentia* order in this case.

☐ denied for the reason that counsel has failed to meet the standards as set forth in *Matter of Rosales*, 19 I&N Dec. 655 (BIA 1988).

☑ granted for the reason(s) below.

☐ denied for the reason(s) below.

Further explanation:
Respondent consented to the withdraw on May 8, 2026.



Immigration Judge: GUERRERO, MARNI 05/08/2026

**Certificate of Service**

This document was served:

Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service | [ U ] Address Unavailable

To: [ ] Alien | [ ] Alien c/o custodial officer | [ E ] Alien atty/rep. | [ E ] DHS

Respondent Name : QI, WANGSHUO | A-Number : 141-044-799

Riders:

Date: 05/08/2026 By: RIVERA, SHELLY, Court Staff

**Erica J. Reilly, EOIR ID: ZL918266**
**BENACH PITNEY REILLY LLP**
**4530 Wisconsin Ave. NW, Ste. 400**
**Washington, DC 20016**
**(202) 644-8600**

***Counsel for Respondent***

**DETAINED**

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**UNITED STATES IMMIGRATION COURT**
**FLORENCE, ARIZONA**

| | | |
|---|---|---|
| **In the Matter of:** | ) | |
| | ) | |
| | ) | |
| **Wangshuo QI,** | ) | **File No.: A141-044-799** |
| | ) | |
| | ) | |
| **Respondent,** | ) | |
| **In Removal Proceedings** | ) | |

**Next Master Calendar Hearing: March 6, 2026 at 8:30AM**
**Immigration Judge: Marni Guerrero**

## MOTION TO WITHDRAW AS COUNSEL

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**UNITED STATES IMMIGRATION COURT**
**FLORENCE, ARIZONA**

| | | |
|---|---|---|
| **In the Matter of:** | ) | |
| | ) | |
| | ) | |
| **Wangshuo QI,** | ) | **File No.: A141-044-799** |
| | ) | |
| | ) | |
| **Respondent,** | ) | |
| **In Removal Proceedings** | ) | |

**MOTION TO WITHDRAW AS COUNSEL**

Undersigned counsel for Mr. Qi submits the following Motion to Withdraw as Counsel. In support of this motion, Respondent states as follows:

1. Respondent is currently detained at the Florence Correctional Center and is set for a master calendar hearing on March 6, 2026 at 8:30AM before Immigration Judge Marni Guerrero.
2. Undersigned counsel has not spoken with Respondent since February 13, 2026. Counsel has attempted to schedule video calls through the Florence Correctional Center and to contact Respondent through the GettingOut App.
3. Respondent has not responded to counsel's attempts at contact.
4. As it appears Respondent no longer wishes to have undersigned counsel represent him or, at the least, that there has been a breakdown in the Attorney/Client relationship, undersigned counsel respectfully requests that this Court permit her to withdraw as Respondent's counsel of record. *See* 8 CFR § 1003.17(b).
5. Respondent should be aware of the date and time of his next Master Calendar Hearing, as he is currently detained and transport will be provided for him.

6. Based on these reasons, undersigned counsel represents that good cause has been shown for granting this motion.

WHEREFORE counsel respectfully requests that this Court permit her to withdraw as counsel of record.

Respectfully submitted,

____________________________ ___03/02/2026__

Erica J. Reilly, Esq.
Benach Pitney Reilly LLP
4530 Wisconsin Ave. NW, Ste. 400
Washington, DC 20016
(202) 644-8600
ereilly@BPRimmigration.com
EOIR ID: ZL918266

Date

*Counsel for Respondent*

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**UNITED STATES IMMIGRATION COURT**
**FLORENCE, ARIZONA**

| | | |
|---|---|---|
| **In the Matter of:** | ) | |
| | ) | |
| | ) | |
| **Wangshuo QI,** | ) | **File No.: A141-044-799** |
| | ) | |
| | ) | |
| **Respondent,** | ) | |
| **In Removal Proceedings** | ) | |

**ORDER OF THE IMMIGRATION JUDGE**

UPON CONSIDERATION of the Motion to Withdraw as Counsel, it is HEREBY ORDERED that the motion is [ ] **GRANTED** [ ] **DENIED** because:

- □ DHS does not oppose the motion.
- □ The respondent does not oppose the motion.
- □ A response to the motion has not been filed with the court.
- □ Good cause has been established for the motion.
- □ The court agrees with the reasons stated in the opposition to the motion.
- □ The motion is untimely per ______________________.
- □ Other:________________________________________________________.

Deadlines:
- □ The application(s) for relief must be filed by ________________________________.
- □ The respondent must comply with DHS biometrics instructions by _______________.

DONE AND ORDERED THIS ____________ day of _______________________, 2026.

___________________________________
Immigration Judge

Certificate of Service
This document was served by: [ ] Mail [ ] Personal Service
To: [ ] Alien [ ] Alien c/o Custodial Officer [ ] Alien's Atty/Rep [ ] DHS
Date: ________________________ By: Court Staff________________________

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**UNITED STATES IMMIGRATION COURT**
**FLORENCE, ARIZONA**

| | | |
|---|---|---|
| **In the Matter of:** | ) | |
| | ) | |
| | ) | |
| **Wangshuo QI,** | ) | **File No.: A141-044-799** |
| | ) | |
| | ) | |
| **Respondent,** | ) | |
| **In Removal Proceedings** | ) | |

**PROOF OF SERVICE**

On the 2nd day of March, 2026, I, Erica J. Reilly, served a copy of this Respondent's Motion, along with any attached pages, on the DHS ICE Office of the Principal Legal Advisor, via ECAS.

Respectfully submitted,

[signature]

_________________________ 03/02/2026
Date

Erica J. Reilly, Esq.
Benach Pitney Reilly LLP
4530 Wisconsin Ave. NW, Ste. 400
Washington, DC 20016
(202) 644-8600
ereilly@BPRimmigration.com
EOIR ID: ZL918266

*Counsel for Respondent*

**Erica J. Reilly, EOIR ID: ZL918266**
**BENACH PITNEY REILLY LLP**
**4530 Wisconsin Ave. NW, Ste. 400**
**Washington, DC 20016**
**(202) 644-8600**

***Counsel for Respondent***

**DETAINED**

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**UNITED STATES IMMIGRATION COURT**
**FLORENCE, ARIZONA**

| | | |
|---|---|---|
| **In the Matter of:** | ) | |
| | ) | |
| | ) | |
| **Wangshuo QI,** | ) | **File No.: A141-044-799** |
| | ) | |
| | ) | |
| **Respondent,** | ) | |
| **In Removal Proceedings** | ) | |

**Next Master Calendar Hearing: May 8, 2026 at 10AM**
**Immigration Judge: Marni Guerrero**

**MOTION TO WITHDRAW AS COUNSEL**

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**UNITED STATES IMMIGRATION COURT**
**FLORENCE, ARIZONA**

| | | |
|---|---|---|
| **In the Matter of:** | ) | |
| | ) | |
| | ) | |
| **Wangshuo QI,** | ) | **File No.: A141-044-799** |
| | ) | |
| | ) | |
| **Respondent,** | ) | |
| **In Removal Proceedings** | ) | |

**MOTION TO WITHDRAW AS COUNSEL**

Undersigned counsel for Mr. Qi submits the following Motion to Withdraw as Counsel. In support of this motion, Respondent states as follows:

1. Respondent is currently detained at the Florence Correctional Center and is set for a master calendar hearing on May 6, 2026 at 10AM before Immigration Judge Marni Guerrero.
2. Undersigned counsel and Respondent have had an irreparable breakdown in their communication. Undersigned counsel has explained to Respondent that she must request withdrawal in his case, and that he should seek alternate counsel. Undersigned counsel feels confident that Respondent understands and agrees to this withdrawal.
3. As it appears that there has been a breakdown in the Attorney/Client relationship, undersigned counsel respectfully requests that this Court permit her to withdraw as Respondent's counsel of record. *See* 8 CFR § 1003.17(b).
4. Respondent should be aware of the date and time of his next Master Calendar Hearing, as he is currently detained and transport will be provided for him.

5. Based on these reasons, undersigned counsel represents that good cause has been shown for granting this motion.

WHEREFORE counsel respectfully requests that this Court permit her to withdraw as counsel of record.

Respectfully submitted,

______________________________ 05/08/2026
Erica J. Reilly, Esq. Date

Erica J. Reilly, Esq.
Benach Pitney Reilly LLP
4530 Wisconsin Ave. NW, Ste. 400
Washington, DC 20016
(202) 644-8600
ereilly@BPRimmigration.com
EOIR ID: ZL918266

*Counsel for Respondent*

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**UNITED STATES IMMIGRATION COURT**
**FLORENCE, ARIZONA**

| | | |
|---|---|---|
| **In the Matter of:** | ) | |
| | ) | |
| | ) | |
| **Wangshuo QI,** | ) | **File No.: A141-044-799** |
| | ) | |
| | ) | |
| **Respondent,** | ) | |
| **In Removal Proceedings** | ) | |

**ORDER OF THE IMMIGRATION JUDGE**

UPON CONSIDERATION of the Motion to Withdraw as Counsel, it is HEREBY ORDERED that the motion is [ ] **GRANTED** [ ] **DENIED** because:

□ DHS does not oppose the motion.
□ The respondent does not oppose the motion.
□ A response to the motion has not been filed with the court.
□ Good cause has been established for the motion.
□ The court agrees with the reasons stated in the opposition to the motion.
□ The motion is untimely per ______________________.
□ Other:________________________________________________________.

Deadlines:
□ The application(s) for relief must be filed by ________________________________.
□ The respondent must comply with DHS biometrics instructions by _______________.

DONE AND ORDERED THIS ____________ day of _______________________, 2026.

___________________________________
Immigration Judge

Certificate of Service
This document was served by: [ ] Mail [ ] Personal Service
To: [ ] Alien [ ] Alien c/o Custodial Officer [ ] Alien's Atty/Rep [ ] DHS
Date: ________________________ By: Court Staff________________________

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**UNITED STATES IMMIGRATION COURT**
**FLORENCE, ARIZONA**

| | | |
|---|---|---|
| **In the Matter of:** | ) | |
| | ) | |
| | ) | |
| **Wangshuo QI,** | ) | **File No.: A141-044-799** |
| | ) | |
| | ) | |
| **Respondent,** | ) | |
| **In Removal Proceedings** | ) | |

**PROOF OF SERVICE**

On the 8th day of May, 2026, I, Erica J. Reilly, served a copy of this Respondent's Motion, along with any attached pages, on the DHS ICE Office of the Principal Legal Advisor, via ECAS.

Respectfully submitted,

_________________________ 05/08/2026
Erica J. Reilly, Esq. Date
Benach Pitney Reilly LLP
4530 Wisconsin Ave. NW, Ste. 400
Washington, DC 20016
(202) 644-8600
ereilly@BPRimmigration.com
EOIR ID: ZL918266

*Counsel for Respondent*

# Exhibit F

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**FLORENCE IMMIGRATION COURT**

Respondent Name:
QI, WANGSHUO

To:
Erin Alexandra Hoff, Esq., Primary Atty., &
Brenda Lozano, Esq., Badria Mryyan, Esq.,
and Bethany Dohman, Esq.
PO Box 470348
Tulsa, OK 74147

A-Number:
141-044-799

Riders:
In Custody Redetermination Proceedings

Date:
08/17/2026

## ORDER OF THE IMMIGRATION JUDGE

The respondent requested a custody redetermination pursuant to 8 C.F.R. § 1236. After full consideration of the evidence presented, the respondent's request for a change in custody status is hereby ordered:

☐ Denied, because

☑ Granted. It is ordered that Respondent be:
- ☐ released from custody on his own recognizance.
- ☑ released from custody under bond of $ 4,500.00
- ☑ other:

This Court-IJ finds that Respondent has met his burden to show that his release would not pose a danger to persons or property, and that he is not unlikely to appear for future Court hearings.

As continuing conditions of his release on bond, this Court-IJ imposes the following conditions, the violation of any of which shall be grounds for DHS to arrest the Respondent and cancel this bond: Respondent shall not drive without a valid driver's license in the State where he resides; or use or possess any illegal drugs that are controlled substances under Federal law; and he shall continue taking any prescribed medications, attend necessary or prescribed medical and mental health counselling and therapy, and keep records; comply with all Federal and State Court Orders, and he shall attend all Federal, State, and Immigration Court hearings; and he shall obey all Federal and State laws.

☑ Other:

This is a Franco bond hearing, pursuant to the Orders of the U.S. District Court in the case of Franco-Gonzalez v. Holder, No. CV 10-02211 DMG (DTBx), 2013 WL 3674492 (C.D. Cal., April 23, 2013) (unreported Orders re Summary Judgment and Preliminary Injunction against DHS and DOJ pursuant to the in-personam jurisdiction over the persons of the Franco Plaintiff Class members).

This Court-IJ also notes that the Franco Orders, like those for other Federal Court ordered bond hearings, place the burden of proof on DHS to prove by clear and convincing evidence that the noncitizen is a danger or flight risk for denial of bond or continued detention pending proceedings or appeal. See: Singh v. Holder, 638 F.3d 1196 (9th Cir. 2011), Matter of Urena, 25 I&N Dec. 140 (BIA 2009), Matter of Siniauskas, 27 I&N Dec. 207 (BIA 2018).

The Court-IJ must find that a respondent's release would pose a danger to persons or property, before a bond is denied, or that his risk of flight shows that he is unlikely to appear for future Court hearings or to obey orders of the Courts. See further: Singh v. Holder, 638 F.3d at 1206-07: the Department (DHS), on behalf of the Government, need not establish "special dangerousness" to justify denial of bond, but shall prove by clear and convincing evidence that the noncitizen alien "presents a danger to the community."

Immigration Judge: Taylor, Bruce 08/17/2026

| | | | | | |
|---|---|---|---|---|---|
| Appeal: | Department of Homeland Security: | ☐ | waived | ☑ | reserved |
| | Respondent: | ☐ | waived | ☑ | reserved |

Appeal Due: 09/16/2026

**Certificate of Service**

This document was served:

Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service | [ U ] Address Unavailable

To: [ ] Alien | [ ] Alien c/o custodial officer | [ E ] Alien atty/rep. | [ E ] DHS

Respondent Name : QI, WANGSHUO | A-Number : 141-044-799

Riders:

Date: 08/17/2026 By: Cervantes, Belen, Court Staff

# Exhibit G

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**FLORENCE IMMIGRATION COURT**

Respondent Name:
QI, WANGSHUO

To:
Erin Alexandra Hoff, Esq., Primary Atty., & Brenda Lozano, Esq., Badria Mryyan, Esq., and Bethany Dohman, Esq.
PO Box 470348
Tulsa, OK 74147

A-Number:
141-044-799

Riders:
In Custody Redetermination Proceedings

Date:
08/17/2026

**ORDER OF THE IMMIGRATION JUDGE**

The respondent requested a custody redetermination pursuant to 8 C.F.R. § 1236. After full consideration of the evidence presented, the respondent's request for a change in custody status is hereby ordered:

☐ Denied, because

☑ Granted. It is ordered that Respondent be:

- ☐ released from custody on his own recognizance.
- ☑ released from custody under bond of $ 4,500.00
- ☑ other:

This Court-IJ finds that Respondent has met his burden to show that his release would not pose a danger to persons or property, and that he is not unlikely to appear for future Court hearings.

As continuing conditions of his release on bond, this Court-IJ imposes the following conditions, the violation of any of which shall be grounds for DHS to arrest the Respondent and cancel this bond: Respondent shall not drive without a valid driver's license in the State where he resides; or use or possess any illegal drugs that are controlled substances under Federal law; and he shall continue taking any prescribed medications, attend necessary or prescribed medical and mental health counselling and therapy, and keep records; comply with all Federal and State Court Orders, and he shall attend all Federal, State, and Immigration Court hearings; and he shall obey all Federal and State laws.

☑ Other:

This is a Franco bond hearing, pursuant to the Orders of the U.S. District Court in the case of Franco-Gonzalez v. Holder, No. CV 10-02211 DMG (DTBx), 2013 WL 3674492 (C.D. Cal., April 23, 2013) (unreported Orders re Summary Judgment and Preliminary Injunction against DHS and DOJ pursuant to the in-personam jurisdiction over the persons of the Franco Plaintiff Class members).

This Court-IJ also notes that the Franco Orders, like those for other Federal Court ordered bond hearings, place the burden of proof on DHS to prove by clear and convincing evidence that the noncitizen is a danger or flight risk for denial of bond or continued detention pending proceedings or appeal. See: Singh v. Holder, 638 F.3d 1196 (9th Cir. 2011), Matter of Urena, 25 I&N Dec. 140 (BIA 2009), Matter of Siniauskas, 27 I&N Dec. 207 (BIA 2018).

The Court-IJ must find that a respondent's release would pose a danger to persons or property, before a bond is denied, or that his risk of flight shows that he is unlikely to appear for future Court hearings or to obey orders of the Courts. See further: Singh v. Holder, 638 F.3d at 1206-07: the Department (DHS), on behalf of the Government, need not establish "special dangerousness" to justify denial of bond, but shall prove by clear and convincing evidence that the noncitizen alien "presents a danger to the community."



Immigration Judge: Taylor, Bruce 08/17/2026

Appeal: Department of Homeland Security: ☐ waived ☑ reserved
Respondent: ☐ waived ☑ reserved
Appeal Due: 09/16/2026

**Certificate of Service**

This document was served:
Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service | [ U ] Address Unavailable
To: [ ] Alien | [ ] Alien c/o custodial officer | [ E ] Alien atty/rep. | [ E ] DHS
Respondent Name : QI, WANGSHUO | A-Number : 141-044-799
Riders:
Date: 08/17/2026 By: Cervantes, Belen, Court Staff